# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA M. EYAJAN,<br>    **Plaintiff** | )<br>)<br>) |
| vs. | )     **C.A.No. 1:19-CV-161** |
| STATE OF OHIO, et al,<br>    **Defendants.** | )<br>)     **District Judge Baxter**<br>) |

## MEMORANDUM OPINION

Pending here is Plaintiff's motion seeking leave to proceed in forma pauperis. ECF No. 1. On May 31, 2019, Plaintiff Sheila Eyajan, acting pro se, moved for leave to proceed in forma pauperis along with a complaint. ECF No. 1. As part of the screening process on a motion for in forma pauperis status, the Court must review the complaint.

By Order dated June 21, 2019, this Court directed Ms. Eyajan to file an Amended Complaint by July 10, 2019 to cure several deficiencies in the original complaint. ECF No. 2. When Ms. Eyajan failed to comply, this Court issued an order directing Ms. Eyajan to show cause for her failure. ECF No. 3. Ms. Eyajan responded and this Court directed her to file an Amended Complaint by August 12, 2019 or risk dismissal for failure to prosecute. ECF No. 6.

On August 12, 2019, Ms. Eyajan filed an Amended Complaint [ECF No. 8] and ten days later, she filed a motion for leave to file another amended complaint seeking to add details and further information. ECF No. 9. By Order dated September 23, 2019, this Court granted Ms. Eyajan's motion and instructed her to file a single all-inclusive Second Amended Complaint before October 15, 2019. ECF No. 10.

On October 17, 2019, Ms. Eyajan filed the Second Amended Complaint. ECF No. 12.

1

## Standards of Review

This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d). *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that § 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. *Roman v. Jeffes*, 904 F.2d 192, 195-96 (3d Cir. 1990).

Evaluating motions to proceed in forma pauperis under 28 U.S.C. § 1915 is a two-step process. *See id.* at 194 n.1. "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." *Id.* (internal citation omitted). Therefore, only after the district court grants the request to proceed in forma pauperis may it dismiss the complaint as legally frivolous. *See Jackson v. Brown*, 460 Fed. Appx 77, 79 n.2 (3d Cir. 2012*)* ("As a procedural matter, therefore, the District Court should have addressed Jackson's [in forma pauperis] motion before dismissing the complaint as frivolous, rather than deny the [in forma pauperis] motion as moot after dismissal."); *Spuck v. Fredric,* 414 Fed.Appx 358, 359 (3d Cir.2011) ("When a complaint is submitted along with an [in forma pauperis] application, the complaint is not deemed filed unless and until [in forma pauperis] status is granted. [ ... ] in that situation, the District Court must first rule on the [in forma pauperis] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of either of these two statutes, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a pro se plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the pro se plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 556 (2007). The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (internal citation omitted).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996*)* ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Despite

this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

**Assessment of Plaintiff's motion for leave to proceed in forma pauperis**

In her motion, Plaintiff states that she is unable to pay the filing fee associated with this case. Based upon this averment, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, her motion for leave to proceed in forma pauperis will be granted.

**Assessment of Plaintiff's Second Amended Complaint**

In her Second Amended Complaint, Plaintiff has named twenty-one entities and individuals as Defendants to this action. Ms. Eyajan's legal claims in this lawsuit arise out of her pending criminal charges and court proceedings in Ashtabula County, Ohio. She alleges that the named Defendants have violated her constitutional rights in various and myriad ways.[1] As relief, she seeks: "This criminal case should be dismissed for grounds of civil violation and malicious process." ECF No. 12, page 10.

---

[1] Ms. Eyajan raises the following claims:
    I "Sixth Amendment Violation to an Unbiased Attorney either being allowed to represent one's self as a pro se litigant or be appointed an unbiased public defender"
    II "Violation of constitutional right to due process of law denying hearing on Marsden motion to determine the bias and prejudice acts … by Public Defender Attorney Ripman and Springer…"
    III "42 U.S.C. § 1983 Claim – Unconstitutional Search and Seizure"
    IV "42 U.S.C. § 1983 Malicious prosecution"
    V "42 U.S.C. § 1983 Monell claim"
    VI "Ohio Law – Negligence- Willful, Wanton, and/or Reckless conduct"
    VII "Ohio law – Abuse of Process"
*See* ECF No. 12.

4

Many of the named Defendants are judges, prosecutors, and public defenders and the claims against them would not survive screening.[2] However, because the only relief Ms. Eyajan requests in this lawsuit is the dismissal of the pending criminal charges and because this Court will not undertake to interfere with ongoing criminal proceedings in another state, this entire action will be dismissed. *See Miles v. Zech,* 2019 WL 4942258, at *2 (3d Cir. Oct.8, 2019) ("*Younger* abstention is appropriate where there are ongoing state proceedings that (1) are judicial in nature; (2) implicate important state interests; and (3) afford an adequate opportunity for presentation of the constitutional claims. *See Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).")

For these reasons, Plaintiff's case will be dismissed for failure to state a claim upon which relief may be granted. An appropriate Order will follow.

---

[2] *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...."); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (a public defender is not a state actor for the purposes of § 1983.).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA M. EYAJAN,<br>    Plaintiff | )<br>)<br>) | |
| vs. | )<br>) | C.A.No. 1:19-CV-161 |
| STATE OF OHIO, et al,<br>    Defendants. | )<br>)<br>) | District Judge Baxter |

## O R D E R

AND NOW, this 22nd day of October, 2019;

IT IS HEREBY ORDERED that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 1] is GRANTED.

IT IS FURTHER ORDERED that this case is dismissed due to Plaintiff's failure to state a claim upon which relief may be granted. The Clerk is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

1